IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS,

KATHERINE MCCONICO,

        Plaintiff,

Vs.                                                No. 22-2039-SAC-ADM

RENEWING THE HOME
SERVICES, LLC, and
LANCE LOEWENSTEIN,
ATTORNEY AT LAW, P.C.,

        Defendants.

MEMORANDUM AND ORDER

        The defendant Lance Loewenstein filed a notice removing this case on January 25, 2022, from the limited actions docket of the District Court of Wyandotte County, Kansas. ECF# 1. The plaintiff Katherine McConico filed on January 27, 2022, a motion to remand asserting the defendant's notice of removal was untimely for not being filed within thirty days after service of process. (ECF# 13). The time for responding to McConico's motion is twenty-one days as set out in D. Kan. Rule 6.1(d)(2). The response deadline of February 17, 2021, passed without any filing from the defendant. Pursuant to D. Kan. Rule 7.4(b), the court finds that the defendant Loewenstein has waived his right to later file his response and that the plaintiff's motion to remand will be considered and decided as an uncontested motion without further notice.

        As laid out in Loewenstein's notice of removal, both defendants were

1

served with the state petition on December 24, 2021. *Id*. The summons directed both defendants to appear on February 9, 2022, or to file an answer at such time. ECF# 6, pp. 10-11. By Kansas statute, a defendant in a limited actions proceeding is not compelled to file an answer, or for that matter a motion to dismiss, before "14 days after the appearance date." K.S.A. 61-2904(a). In state court, both defendants, however, filed a joint motion to dismiss on January 5, 2022. ECF# 6, p. 22. They also filed a joint answer on January 6, 2022, which included a counterclaim by the defendant Renewing the Home Services, LLC. ECF# 6, p. 32. The plaintiff McConico filed her answer to the counterclaim and her response opposing the motion to dismiss on January 13, 2022. ECF# 6, pp. 30-31, 44-48.

Loewenstein's notice of removal asserts it was filed within 30 days after service in compliance with 28 U.S.C. § 1446(b), as "computation of time does **not** include the day of service, weekend days, or federal holidays." ECF# 1, ¶ 9 (bolding added). Rule 6(a) of the Federal Rules of Civil Procedure applies to 28 U.S.C. § 1446. *See, e.g., Navarrete v. Hidalgo-Mendoza*, No. 20-CV-01910-CMA-STV, 2021 WL 838269, at *2 (D. Colo. Mar. 5, 2021); *Kanayama v. KESY LLC*, No. 14 CIV. 3405 JFK, 2015 WL 1433203, at *4 (S.D.N.Y. Mar. 30, 2015). Rule 6(a)(1) provides that the day of the event triggering the period is excluded but that "every day, including intermediate Saturdays, Sundays, and legal holidays" is counted except when the last day of the period falls on "a Saturday, Sunday or legal holiday."

Loewenstein's notice of removal does not properly apply Fed. R. Civ. P. 6(a). Instead, § 1446(b)'s thirty-day period expired on Sunday, January 23, 2022, but

was extended by Rule 6(a) to January 24, 2022. Loewenstein, however, did not file his notice until January 25, 2022, which is one day late. "An untimely removal notice constitutes a defect in removal procedure warranting remand." *Paschall v. Frietz*, 461 F.Supp.3d 1145, 1148 (D.N.M. 2020)(citing *McShares, Inc. v. Barry*, 979 F.Supp. 1338, 1341 (D. Kan. 1997)); *see Gruber v. Estate of Marshall*, 229 F.Supp.3d 1245, 1247 (D. Kan. 2017)("'the 30-day time requirement for removal is mandatory' but 'not jurisdictional.'" (quoting *Farm City Ins. Co. v. Johnson*, 190 F.Supp.2d 1232, 1236 (D. Kan. 2002))).

The burden is with the removing party "to establish the propriety of removal from the state to the federal court." *Gruber,* 229 F.Supp.3d at 1248. The defendant Loewenstein has waived his right to carry this burden. For these reasons, the court finds the notice of removal here is untimely under 28 U.S.C. § 1446. This defect in the removal procedure warrants remand.

IT IS THEREFORE ORDERED that the plaintiff McConico's motion to remand (ECF# 13) is granted, and the case is hereby remanded to the District Court of Wyandotte County, Kansas, Limited Actions. Pursuant to 28 U.S.C. § 1447(c), the Clerk of the Court shall mail a certified copy of this order of remand to the Clerk of the District Court of Wyandotte County.

Dated this 18th day of February, 2022, Topeka, Kansas.

    /s Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge